GRABER, Circuit Judge,
dissenting:
I respectfully dissent.
1. The state court expressly considered Petitioner’s claim of ineffective assistance of counsel on the merits, citing and applying Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We owe substantial deference to that court’s denial of habeas relief. See Harrington v. Richter, — U.S.-, 131 S.Ct. 770, 788, 178 L.Ed.2d 624 (2011) (“The standards created by Strickland and [AEDPA] are both highly deferential, and when the two apply in tandem, review is doubly so.” (citations and internal quotation marks omitted)).
(a) The state court’s interpretation of the nature of counsel’s advice is not unreasonable determination of the facts because counsel’s statement that “at worst, [Petitioner] would get a hung jury” is not logically compatible with the majority’s interpretation that counsel “informed [Petitioner] of a legal impossibility” of conviction. Maj. at 2. Rather, the state court permissibly read Petitioner’s claim as only an overly optimistic prediction.
(b) The state court’s analysis of counsel’s advice is, similarly, not unreasonable. The court permissibly held that advising *659 Petitioner to reject the plea offer represented a reasonable — if ultimately unfortunate — tactical choice because the witnesses’ recantations significantly increased the odds of acquittal.
2. Because the state court reasonably applied the law and rested its decision on a reasonable determination of the facts, Cullen v. Pinholster, — U.S.-, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011), precludes the remedy ordered by the majority. Our review “is limited to the record that was before the state court that adjudicated the claim on the merits.” Id. at 1398.[1]

. Moreover, this is not a case in which the facts could improve for Petitioner. At best, his counsel would not contradict Petitioner's version of the advice. At worst, counsel would deny that he said any such thing. For that reason, cases such as Hurles v. Ryan, 706 F.3d 1021 (9th Cir.2013), petition for cert. filed, 82 U.S.L.W. 3009 (U.S. June 17, 2013) (No. 12-1472), are inapposite, because here no evidentiary hearing is necessary to develop the record.